UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LOVIE SANFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:17-cv-4356-WTL-DLP |
| | ) | |
| NAVIENT SOLUTIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

This cause is before the Court on the Defendant's Motion for Judgment on the Pleadings (Dkt. No. 24). The motion is fully briefed, and the Court, being duly advised **GRANTS** the Defendant's motion for the reasons set forth below.

### I. LEGAL STANDARD

In reviewing a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), the Court applies the same standard that is applied when reviewing a motion to dismiss pursuant to Rule 12(b)(6). *Pisciotta v. Old Nat'l Bancorp.*, 499 F.3d 629, 633 (7th Cir. 2007). The Court "take[s] the facts alleged in the complaint as true, drawing all reasonable inferences in favor of the plaintiff." *Id*. The complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While there is no need for detailed factual allegations, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Pisciotta*, 499 F.3d at 633 (citation omitted).

## II. BACKGROUND

For the purposes of this motion, the facts alleged in the Complaint are taken as true.

The Plaintiff alleges that, beginning in approximately August 2015, the Defendant began repeatedly called her cellular telephone with an automated telephone dialing system ("ATDS") regarding her student loans. In either February or March 2016, the Plaintiff told the Defendant to stop calling, yet the Defendant continued to do so. The Plaintiff told the Defendant to stop calling several more times in 2016 and 2017, but the calls continued through the time of the filing of the Complaint. The Plaintiff argues that the Defendant's actions violated the Telephone Consumer Protection Act ("TCPA"). The Defendant moves for judgment on the pleadings on the ground that the Bipartisan Budget Act of 2015, P.L. 114074, Nov. 2, 2015, 129 Stat. 584 (the "2015 Budget Act") exempts from liability "calls made to cellular telephone numbers in order to collect a debt owed to or guaranteed by the United States." Dkt. No. 25 at 2.

## III. DISCUSSION

The TCPA in relevant part, prohibits "mak[ing] any call (other than a call made for emergency purpose or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice" to "a cellular telephone service . . . unless such call is made solely to collect a debt owed to or guaranteed by the United States." 47 U.S.C. § 227(b)(1)(A)(iii). The language "unless such call is made solely to collect a debt owed to or guaranteed by the United States" was added by the 2015 Budget Act and went into effect November 2, 2015. 129 Stat. 584. The Defendant argues that "because the potentially actionable calls in this case were made after 'February or March 2016,' the 2015 Budget Act amendment bars [the Plaintiff's claim], as a matter of law." Dkt. No. 25 at 4.

The Plaintiff concedes that the issue before the Court is a narrow one. According to the Plaintiff:

> For the purposes of this motion, the parties do not dispute that [the Defendant] called [the Plaintiff] on her cellular telephone with an ATDS and prerecorded voice, that [the Plaintiff] requested the calls to stop, or that the calls related to the collection of a federally-guaranteed student loan. Thus the only question before the Court is whether the [2015] Budget Act is an absolute defense to [the Plaintiff's] claim for relief.

Dkt. No. 32 at 1.

In arguing that the 2015 Budget Act is not a defense, the Plaintiff argues that "subsequent FCC rulemaking and case law have clarified that [the relevant] provision is an extension of the defense of prior express consent, establishing that qualifying callers have consent to call as a matter of law until it is revoked." Dkt. No. 32 at 3. According to the Plaintiff, "[t]he [2015 Budget] Act directed the FCC to 'prescribe regulations to implement the [Budget Act's] amendments' and to adopt rules regarding limitations on such calls," Dkt. No. 32 at 3 (quoting *Cooper v. Navient Solutions., LLC*, No. 8:16-cv-3396, 2017 WL 1424346, at *1 (M.D. Fla. Apr. 21, 2017)), and was intended to function in a burden-shifting manner, similar to other exceptions "common in TCPA law," *id*.

To support its argument, the Plaintiff relies heavily on *Cooper*, a case from the United States District Court for the Middle District of Florida, decided April 21, 2017. *Cooper* in turn relies heavily on an August 11, 2016, Report and Order (the "August 2016 R & O"), which would have limited the number of calls which could be made to a debtor without the debtor's consent. 2017 WL 1424346, at *1 (citing *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 31 FCC Rcd. 9074 (Aug. 11, 2016)). However, the August 2016 R & O was not to go into effect until "60 days after the Commission's publication of a notice in the Federal Register, which will announce approval of portions of the

rules requiring approval by [the Office of Management and Budget] under the [Paperwork Reduction Act of 1995]." 31 FCC Rcd. at 9101. This, however, does not seem to have occurred, and the Plaintiff has provided no document suggesting otherwise. Thus the August 2016 R & O has little authoritative value, and, following the plain language of the statute, the Court finds the TCPA to be a complete defense to the Plaintiff's claim.

## IV. CONCLUSION

For the reasons set forth above, the Defendant's motion for judgment on the pleadings, Dkt. No. 24, is **GRANTED**.

SO ORDERED: 10/1/18

_William T. Lawrence_

Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification